## CHARACTER OF EVIDENCE REQUIRED TO ESTABLISH A TRUST IN LAND.

Court of Appeals for Stark County.

ROSE WAGNER v. MAHALA WAGNER ET AL.

Decided, March 22, 1917.

*Trust—Can be Established in Land Only by Clear and Convincing Evidence, When—Claim as to Funds Advanced for Purchase of Land Jointly Held.*

A trust can be grafted on land, held by a deed absolute on its face, only by evidence which is clear and of the most convincing character, and a claim of a lien on the proceeds arising from the sale in partition of land so held, on account of money advanced for its purchase, will be denied where the evidence as to the claim falls short of being of a clear and convincing character.

*C. C. Upham*, for plaintiff.

*S. F. Bowman* and *Amerman & Mills* contra.

HOUCK J.

This case is here on appeal from the common pleas court of this county, and was submitted to this court on the pleadings and the evidence as contained in the transcript of same taken in the court below. The pleadings in substance are as follows:

The plaintiff, Rose Wagner, filed her petition in the Common Pleas Court of Stark County, Ohio, on April 11th, 1916, alleging that she had a legal right and was seized in fee simple of certain real estate described in the petition; that the defendant, Mahala Wagner, was the owner of the other undivided half of said premises, and that the defendant, John S. Wagner, was the husband of said Mahala Wagner, and that the defendant, James Hindman, claimed to hold a mortgage on said premises. The prayer of the petition was that the defendant Hindman be required to set up his mortgage or be forever barred from doing so, and that said premises be partitioned and plaintiff's share set off to her, or said premises be sold and her share be awarded

to her in money, subject to a certain lease of said premises which was excluded, and still exists, but in no way interferes with the partition proceedings in this case.

The defendant, James Hindman, filed an answer and cross-petition setting up his mortgage on said premises, amounting to $2,884.37, with interest, which he claimed was the first and best lien on said premises, and prayed judgment for the same and the sale of said premises, and that the proceeds of said sale be applied on his mortgage.

The defendants, Mahala Wagner and John S. Wagner, filed a joint answer and cross-petition in which they admitted that plaintiff held the legal title to the one-half of said premises, and that the defendant, Mahala Wagner, held the legal title to the other undivided one-half of said premises, and that the defendant, John S. Wagner, was the husband of said Mahala Wagner and had an inchoate right of dower in said premises, and further admitted that the mortgage of the defendant, James Hindman, was a good and valid lien against the premises, and, further answering, denied each and every other allegation in plaintiff's petition not expressly admitted to be true. In their cross-petition the said Mahala Wagner and John S. Wagner averred that at the time said premises sought to be partitioned were purchased that the only consideration that was paid at said time was $1,000, which was paid by the defendants, Mahala Wagner and John S. Wagner; that on April 21st, 1907, said defendants further paid the sum of $800 on the purchase price of said premises, and since the 23d day of March, 1905, at which time the premises were purchased, they paid all the taxes, which amounted to $273.30; that ever since said 23d day of March, 1905, the plaintiff, Rose Wagner, occupied said premises as her home, and had not accounted to these answering defendants for any of the rents and profits of the same, and prayed for an accounting between said parties, and that these defendants recover out of the proceeds of the sale of said premises the amounts they paid on the purchase price, together with the taxes and interest at six per cent., and that they be decreed their interest in said property in money, and for such other relief as they be entitled to in the premises.

The plaintiff filed a reply to the cross-petition of the defendants, John S. Wagner and Mahala Wagner, the same being in the nature of a general denial as to all the material allegations contained therein.

Upon the issues raised by these pleadings and the evidence, the case was submitted to this court for its determination.

The contention of the defendants is that they paid all the money that had been paid on the lands in question, saving and excepting possibly the sum of about $500; that they also paid the taxes; and asked that out of the proceeds of the sale of said lands that they be reimbursed, as an accounting between the parties hereto shall show and be determined by the court. In other words, they seek to have impressed upon the fund arising from the sale of said premises a trust in their favor to the amount claimed to have been paid by them on said lands and for the taxes.

We think the law is well settled in this state as to what constitutes an express trust, as well as an implied trust, and the evidence necessary to sustain such. It will be seen that from the issues raised by the pleadings and the evidence submitted in support of same that it is attempted to engraft a trust on lands held by a deed absolute on its face.

A trust can not be established by mere conjecture or from the mere circumstances and surroundings of any particular case or state of facts, but must be established by clear, certain, definite and positive evidence, in proof not only of the existence of the trust at the time of the conveyance, but also of its terms and conditions. Therefore, the evidence necessary to engraft a trust on lands held by deed which is absolute on its face, or the proceeds arising from their sale, as claimed in the present case, must be clear and of the most convincing character. This rule of law is laid down in the case of *Boughman et al* v. *Boughman et al,* 69 Ohio State, page 273, the Syllabus being as follows:

"Equity requires that parol evidence, to engraft an express trust in lands upon a deed absolute, shall clearly and convincingly show that contemporaneously with the execution of the deed the terms of the trust were declared and the beneficiaries designated."

Applying the rule of law as herein laid down to the proven facts of the case at bar we are bound to find that the claim of the defendants is not well founded as to their being entitled to recover for the moneys alleged to have been paid by them on the real estate in question. We are bound to arrive at this conclusion after a careful examination of all the testimony and evidence offered in this case, and we have no hesitancy in saying that it is not of that clear, positive character and nature as to warrant a court to find that a trust had been created in the lands in question or in the proceeds arising therefrom.

But how stand the issues in this case as to the taxes and rents and profits? Without discussing these questions further than to say that we are of the opinion from the evidence in the case and the law governing the facts so established by the evidence, we find that Rose Wagner should account for her share of the taxes to John S. Wagner from April 18, 1912, to November 13, 1913, and to account to Mahala Wagner for one-half of the rents and profits from said lands from the date of the deed from John S. Wagner and Mahala Wagner to Rose Wagner, being November 13, 1913.

We further find that the claim of James Hindman as to the amount due him on his notes and mortgage, as set forth in his answer and cross-petition, are undisputed, and therefore find that he is entitled to a decree in his favor as prayed for in his cross-petition. We further find that the plaintiff is entitled to a decree in her favor for partition of the real estate described in her petition as prayed for therein.

A decree and judgment accordingly, and an entry may be drawn by counsel in accordance with the findings herein.

Powell, J., and Shields, J., concur.